*248 OPINION.
S3?awell :
The issue with which we are concerned arises on account of the trusts referred to in our findings as A, B, C and D, which *249 were created under the terms of the will of Charles Kohler. The decedent died on June 4, 1913, leaving a large estate, and by the terms of his will provided that a portion thereof should be set aside which would be sufficient to produce income for each of the petitioners during the life of each of them in the amount of $25,000. A similar provision was made for his widow, who is not a petitioner in this proceeding. The trusts were not created until after extended court proceedings which terminated in 1921 with a decision by the Court of Appeals of the State of New York. The trusts were then created and the trustees received property on account of each trust of some $680,000. Included in the property so received were two leaseholds of the respective values of $100,000 and $185,000, and one-fourth of the value of each leasehold was included in the trust for each daughter and one-fourth for the widow. One lease expired in 1927 and the other in 1930. The remaindermen with respect to each of the trusts for the petitioners were the issue of the respective daughters. While we are not shown in detail the amount produced by each trust and the exact disposition thereof, our understanding is that substantial amounts were produced by each trust (computed by taking as a deduction the amount retained for amortization of the leaseholds) in excess of that required to pay the annual amount of $25,000 to each of the daughters (petitioners herein) and that pursuant to the decision of the Court of Appeals of New York (here-inbefore referred to) such excesses were paid to the respective daughters. And we understand further that similar excesses were produced by the trust for the widow and that these excesses were likewise paid to the daughters. In the fiduciary returns as filed by the trustees, the amount retained as amortization of the leaseholds was claimed as a deduction and the petitioners as beneficiaries reported in their returns the amounts so shown by the trustees, which were likewise the amounts distributed to them.
Our question is whether the action of the trustees in claiming a deduction for amortization of leaseholds was correct in arriving at the amount distributable to the petitioners and therefore taxable to them. The fact that the petitioners have reported in their returns the amounts distributed to them by the trustees is not conclusive as to the amounts upon which they are to be taxed, since the controlling sections of the statutes (section 219 (a) (4) and (d) of the Revenue Act of 1921 and corresponding provisions of the Revenue Act of 1924) provide that the amount to be returned is that which, “ pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not.” Since the decision in Baltzell v. Mitchell, 3 Fed. (2d) 428 (certiorari denied, 268 U. S. 690), many cases have arisen before the Board with respect *250 to the income upon which a life beneficiary is to be taxed, and we have held that where the trusteees create an unauthorized reserve out of income to replace depreciable assets of the corpus of a trust estate, the amount so withheld is distributable and taxable to the life beneficiaries. Estate of Virginia I. Stern et al., 7 B. T. A. 853, and F. C. Hubbell et al., 14 B. T. A. 1040; affd., Hubbell v. Commissioner, 46 Fed. (2d) 446, and certiorari denied, 283 U. S. 840. But where the will is not clear as to whether an amount should be withheld by the trustees from the income of a given trust in order to conserve the corpus of the trust, consideration will be given to the interpretation placed thereon by the parties themselves (E. L. E. Brenneman et al., 10 B. T. A. 544) and to the rule of law with respect to the conservation of such assets which exists in the State where the particular trust is being administered as well as to any State decrees which may have been entered with respect to such estate. Marguerite T. Whitcomb et al., 22 B. T. A. 118.
While the will here involved does not clearly show whether an amount should be retained by the trustees on account of the exhaustion of the leaseholds included in certain trusts created pursuant to the will, an examination of the other considerations named above makes necessary the conclusion that the amount deducted and retained by the trustees may not now be considered as taxable income to the beneficiaries. In the first place, the fact can not be overlooked that the estate, of which the trusts in question formed a part, was the subject of protracted litigation, particularly with respect to the creation of these trusts, and that in the final decree entered by the Court of Appeals of New York, which held that definite amounts should be set up in these trusts, it was stated that it could not be said that the amounts so set up were intended by the testator to “ remain uncertain, varying or shifting amounts,” and that “ The principal of such trust funds when set aside will, subject to the trusts, become vested in those to whom the residue thereof is given under the will,” that is, the issue of the petitioners in these proceedings. Pursuant to that decree, the trusts in question were set up out of assets then included in the testator’s estate and included among the assets so used were certain exhaustible or wasting assets, that is, leaseholds. The general rule in New York as expressed by a court of that State in a case involving leaseholds (In re Golding’s Estate, 216 N. Y. S. 593) follows:
* * * The general rule is that, whel-e trustees or executors find a portion of the estate invested in what are termed “wasting” securities, they should pay to the life beneficiary only so much of the income as represents a fair return upon the capital value, accumulating and retaining the residue for the benefit of the remaindermen, unless a contrary intention is evidenced from the will itself, read in the light of the surrounding circumstances. Frankel v. *251 Farmers Loan & Trust Co., 152 App. Div. 58, 135 N. Y. S. 703; Matter of James, 146 N. Y. 78, 40 N. E. 876, 48 Am. St. Rep. 774.
Not only do we fail to find anything of a positive nature indicating that provision should not be made for the exhaustion of the leaseholds, but also when the case (referred to above as involving the testator’s estate) was returned by the Court of Appeals to the surrogate’s court for the entry of final judgment, such final judgment was entered on the basis of an accounting which made provision for the exhaustion of the leaseholds in question. That is, the amount which it is now proposed to be added to the taxable income of the several petitioners in these proceedings was shown in the schedule submitted to, and approved by, the surrogate’s court as representing the amount to be retained by the trustees on account of the exhaustion of the leaseholds in question.
In the next place, we find that the trustees, with the apparent acquiescence of the beneficiaries, interpreted the directions of the decedent, as indicated by the several decrees heretofore referred to, to mean that amounts should be retained each year from the income of the trusts to conserve the corpus in so far as the wasting assets (leaseholds) were concerned. The amounts so retained by the trustees were considered by them as corpus and were not distributed to the beneficiaries (petitioners in these proceedings), to whom they are now proposed to be taxed. In this respect, the cases at bar are even more favorable to the petitioners than that of Marguerite T. Whitcomb et al., supra, in that the beneficiaries involved therein had actually received the amounts sought to be deducted by the trustees in their fiduciary returns. We held, however, that since a court of competent jurisdiction later decided that an amount should have been retained by the trustees on account of exhaustion, wear and tear of trust property, such an amount was a proper deduction in the fiduciary returns and therefore was not taxable income to the beneficiaries even though it had been received by them. In the cases which we are considering the amounts in question had not been paid to the beneficiaries, but were retained by the trustees with approval of the court having jurisdiction thereof and that in a State where the rule of law applicable to the situation here existing is in accord with the action taken by the trustees. Under such circumstances, we are unwilling to say that the course pursued by the trustees constituted an unauthorized withholding of income from the beneficiaries. The report previously promulgated in these proceedings (23 B. T. A. 391), which held that the amounts withheld by the trustees on account of the exhaustion of the leaseholds were taxable to the beneficiaries, is accordingly reversed and the contention of the petitioners *252 that the amounts so withheld should not be considered taxable to them is sustained.
Reviewed by the Board.

Judgment will be entered under Bule 50.